THOMAS HOWARD AND WIFE, APPELLANTS, *v.* E. M. BAMFORD, RESPONDENT.

OUTSTANDING WARRANTS.—HOW PAYABLE.—Where there are outstanding warrants against a school district, the clerk may pay those first presented. It is not necessary that the money of each year be exclusively applied to pay for schools taught during the year in which it was levied.

MANDAMUS.—Where the clerk has money in his hands applicable to the payment of a warrant, which upon presentation he refuses to pay, the proper remedy is by mandamus.

THE facts are stated in the opinion of the court.

*Baldwin & Hyde*, for the appellants.

The person legally liable is the person to be made defendant. (1 Chitty on Pl. pp. 34, 39, 123, 352, 353; 1 Smith's Leading Cases, 416, 719; 3 Barb. 475, 480.)

The answer is insufficient. (32 Cal. 450; 14 Id. 258; 23 Id. 338; 9 Id. 33; 21 Id. 215; see Code, p. 335, sec. 349.)

*O. Humason*, for the respondent.

BOISE, J. _ The facts in this case, as shown by the pleadings, are as follows:

The respondent, E. M. Bamford, was clerk of school district No. 1, in Grant county, in the year 1869. In that year the directors of said district employed one of the plaintiffs, Martha J. Howard, to teach a school in said district, for three months, agreeing to pay her therefor the sum of three hundred dollars, and she taught said school, and on the ninth day of July, 1869, the directors of the district, executed and delivered to her an order for three hundred dollars, on the said clerk, which order was for said services as teacher.

About the eighth of March, 1870, the respondent, as such clerk, drew from the county treasury, upon the order of the county superintendent of common schools, the sum of ninety dollars in coin and one hundred and seven dollars in legal tenders, and on that day another order in favor of R. B. Owens, issued in 1868, by said school directors, on the clerk of said district, was presented to the respondent, and the money in his hands belonging to said district, was paid thereon, which was prior to the presentation of the order to him of said Martha J. Howard—which last order was refused to be paid for want of funds.

We think that under this state of facts the clerk would not be responsible in this form of action. He would not be called on to pay out money which he did not have, and we

Howard v. Bamford.

think that were there any out-standing warrants against a school district, the clerk may pay those first presented; and that it is not necessary that the money of each year be exclusively applied to pay for schools taught during the year in which it was levied.

Second: We think that had there been money in the hands of the clerk applicable to the warrant of the plaintiffs, and he had refused to pay it to them on the presentation of the warrant, their remedy would be by mandamus, and not in this form of action.  The funds in the hands of the clerk are the property of the district, and do not, by the drawing and presentation of an order, become money in his hands, had and received to the use of the holder of the warrant. They remain public funds in his hands until he parts with the custody, or sets them apart to the use of another and becomes his voluntary agent.  The clerk of a school district is an officer, and the same rules must apply to and govern his conduct, as those which apply to county treasurers and the treasurer of state.

To hold that those officers were liable to an action for money had and received in every case where questions of doubtful appropriations arise, and from uncertainty they refuse to pay a warrant, would, we think, be a bad practice; that the usual and better mode is to proceed by mandamus.

Judgment affirmed.